
Bryan N. DeMatteo (BD 3557)
bryan@demfirm.com
DEMATTEO LAW, PLLC
830 Third Avenue, 5th Floor
New York, NY 10022
Tel.: (866) 645-4169
Fax: (732) 301-9202
*Attorneys for Plaintiff*
*LHF Productions, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LHF PRODUCTIONS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>BITTORRENT USERS:<br>DOE—47.16.121.183, Shanika Belgrave,<br>DOE—24.228.210.116, Paula Newman, and<br>DOE—24.47.140.138,<br><br>*Defendants*. | Civil Action No.: 1:16-cv-02114-ARR-PK |

**DECLARATION OF BRYAN N. DEMATTEO**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT**
**AGAINST DEFENDANTS PAULA NEWMAN AND SHANIKA BELGRAVE**

I, BRYAN N. DEMATTEO, hereby declare as follows:

1. I am an attorney-at law over the age of 18, admitted to practice in this judicial district and principal with the law firm of DeMatteo Law, PLLC, attorneys for Plaintiff, LHF Productions, Inc. ("Plaintiff" or "LHF"). I submit this declaration in support of Plaintiff's Motion For a Default Judgment Against Defendants Paula Newman and Shanika Belgrave.

2. On April 28, 2016, LHF filed the instant action for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. against nine unnamed Doe defendants: Doe—47.16.121.183, Doe—68.193.89.247, Doe—24.228.210.116, Doe—

67.85.107.192, Doe—96.56.104.194, Doe—69.117.180.232, Doe—24.47.140.138, Doe—69.120.27.4, and Doe—24.186.148.31. ("Lawsuit" or "Action"). *See generally* D.I. 1 (Complaint).

3.  Plaintiff's investigator, MaverickEye UG ("MaverickEye"/ www.maverickeye.de), a company organized and existing under the laws of Germany with its principal address at Heilbronner Strasse 150, 70191 Stuttgart, Germany, was asked by LHF to employ its highly sophisticated software to surveil Internet traffic within the BitTorrent Network ("BitTorrent") to identify, analyze, archive and document unauthorized copying and distribution of the movie *London Has Fallen* ("the Subject Motion Picture"). Included in the data provided by MaverickEye is information related to individual IP addresses used to infringe LHF's rights. This data can be filtered by Internet Service Provider, a unique file hash relating to the Subject Motion Picture, date, jurisdiction, and number of observed instances of infringement.

4.  The data provided by MaverickEye confirmed that the Doe defendants used BitTorrent client software to purposefully search for and intentionally copy and download unauthorized and infringing copies of the Subject Motion Picture. Each Doe defendant then made these copies available for downloading by other BitTorrent users, thus, willfully joining in a collective effort (known as "a swarm") to distribute infringing copies of the Subject Motion Picture to one another and countless other peers for download and distribution, resulting in the unauthorized, viral dissemination of the Subject Motion Picture. MaverickEye also observed the Doe defendants' IP addresses as being associated with nearly 1,700 acts of unauthorized downloading and distribution of other copyrighted content. D.I. 1 (Complaint) at ¶ 29.

5.  MaverickEye obtained geolocation data confirming that the IP address associated with each Doe defendant was geographically located within this judicial district during the

period of infringement and, in conjunction with the observed infringing behavior, also shows that each Doe defendant reproduced and distributed the Subject Motion Picture in this district.  I was also informed that LHF's prior counsel, Epstein Drangel LLP ("Prior Counsel"), also searched for the IP addresses on various web search tools, such as Google, and attempted to trace the location of the IP addresses via the following websites: www.iplocation.net, www.ipfingerprints.com, and www.ip-address.org ("IP Address Locators").  The IP Address Locators used by LHF's Prior Counsel confirmed the geolocation data obtained by MaverickEye and established, to a reasonable degree of certainty, that the IP addresses used by the Doe defendants were assigned to individuals located within this judicial district during the period of infringement.

    6.  Other data obtained by MaverickEye confirmed that the IP addresses used to infringe LHF's rights are managed by Internet Service Provider, Optimum Online ("Optimum").  On May 10, 2016, LHF's Prior Counsel filed a motion to take early discovery and, specifically, to serve Rule 45 subpoenas on Optimum to learn the true identifies of the Doe defendants.  *See* D.I. 7.  The Court granted the motion in part on June 26, 2016, and the subpoenas were subsequently served.  *See* D.I. 10.  Optimum responded in mid-August, 2016, naming, *inter alia*, Defendants Newman and Belgrave as subscribers who were assigned two of the subject IP addresses during the period of infringement.

    7.  LHF's Prior Counsel mailed initial contact letters to the Doe defendants, including Defendants Newman and Belgrave, requesting their cooperation.   I was informed by LHF's Prior Counsel that Defendants Newman and Belgrave contacted Prior Counsel by phone at least once each to inquire about the action.  I was informed that both Defendants admitted to Prior Counsel that their Internet services were used to download movies via BitTorrent, but

accused others of doing so, thereby affirming notice of this action. Thereafter, both Defendants refused to cooperate in any way or return any of Prior Counsel's calls, despite numerous attempts to reach them.

8. I was informed by LHF's Prior Counsel that LHF settled with and voluntarily dismissed the case against four of the nine defendants (*see* D.I. 14-17) and, on September 26, 2016, LHF's Prior Counsel, based on all available information it had at the time, filed an Amended Complaint against the five remaining defendants, including Defendants Newman and Belgrave. *See generally* D.I. 18 (Amended Complaint). I was informed that LHF thereafter settled with and voluntarily dismissed the case against three other defendants, leaving Defendants Newman and Belgrave as the only remaining defendants in the case.

9. On November 26, 2016, Defendants Newman and Belgrave were each personally served with a summons and a copy of the Amended Complaint at their respective residences in Brooklyn, New York. *See* D.I. 25 (affidavit of service on Defendant Newman); D.I. 26 (affidavit of service on Defendant Belgrave). Defendants Newman and Belgrave did not answer or otherwise move with respect to the Amended Complaint by the December 19, 2016 deadline for doing so, and the time for Defendants Newman and Belgrave to answer or otherwise move has not been extended.

10. On February 23, 2017, I appeared in this action as counsel for LHF. *See* D.I. 27. That same day, I served Defendants Newman and Belgrave with Notices of Default. *See* D.I. 28-29. The Notices advised Defendants Newman and Belgrave of their default, and that LHF would move promptly for a default judgment if they did not appear. *Id*. The Notices also offered to allow Defendants Newman and Belgrave to seek an unopposed extension of time to respond to the Amended Complaint, and advised them of online resources for obtaining a referral for

counsel and pro bono legal services. *Id*. Neither Defendant Newman nor Defendant Belgrave responded to the Notices or otherwise appeared in this action to date.

11. On March 6, 2017, I filed a Request for a Certificate of Default with respect to Defendants Newman and Belgrave, pursuant to Fed. R. Civ. P. 55(a). *See* D.I. 32. The Clerk issued the Certificate on the same day noting the default of Defendants Newman and Belgrave. *See* D.I. 35. Defendants Newman and Belgrave are each liable to LHF for individually and collectively with others, using BitTorrent file-sharing software to search for, reproduce and distribute over the Internet the same unauthorized copy of the Subject Motion Picture in violation of LHF's rights.

12. Exhibit A is a collection of true and correct copies of letters from Optimum identifying Defendants Newman and Belgrave as subscribers assigned two of the infringing IP addresses used by the Doe defendants to infringe LHF's rights. The letters also indicate that Defendants Newman and Belgrave are both residents of Brooklyn, NY.

13. Exhibit B is a collection of true and correct copies of various contact letters mailed by LHF's Prior Counsel to Defendants Newman and Belgrave.

14. Exhibit C is a true and correct copy of a list of torrent files associated with the IP address assigned to Defendant Newman during the period of infringement, these being business records obtained and used in the usual course of BitTorrent investigations, as generated by software employed by MaverickEye.

15. Exhibit D is a true and correct copy of a list of torrent files associated with the IP address assigned to Defendant Belgrave during the period of infringement, these being business records obtained and used in the usual course of BitTorrent investigations, as generated by software employed by MaverickEye.

16. Exhibit E is a true and correct copy of a study summary published in January 2010, entitled "Princeton study – 99% of BitTorrent files pirated," which summary was downloaded from the Internet on March 13, 2017.

17. Exhibit F is a true and correct copy of study summary published in July 2010, entitled "Only 0.3% of files on BitTorrent confirmed to be legal," which summary was downloaded from the Internet on March 13, 2017.

18. Exhibit G is a true and correct copy of an excerpt of written testimony provided by Scott Turow in connection with a February 16, 2011 hearing before the Senate Judiciary Committee, which testimony was downloaded from the Senate Judiciary Committee's website (https://www.judiciary.senate.gov/meetings/targeting-websites-dedicated-to-stealing-american-intellectual-property) on March 13, 2017.

19. Exhibit H is a true and correct copy of an article from the Cashman Law Firm, PLLC, downloaded from the Internet at https://torrentlawyer.com/2016/01/.

20. Exhibit I is a true and correct copy of a November, 2015 tweet from @Raul15340965.

21. Exhibit J is a true and correct copy of an order (Dkt. 56) issued from the Southern District of Texas, Civ. A. No. 4:16-cv-01968, on February 14, 2017.

22. Exhibit K is a true and correct copy of an order (Dkt. 38) issued from the District of Arizona, Civ. A. No. 2:16-cv-01196, on December 13, 2016.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 15, 2017.

/s/ Bryan N. DeMatteo
Bryan N. DeMatteo